IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Civil Action No. 1:22-cv-21035-RNS

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>HMD AMERICA, INC., HMD GLOBAL OY, SHENZHEN CHINO-E COMMUNICATION CO. LTD., HON HAI PRECISION INDUSTRY CO., LTD, TINNO MOBILE CORP., UNISOC TECHNOLOGIES CO. LTD., WINGTECH TECHNOLOGY CO., LTD. and HUAQIN CO. LTD.,<br><br>              Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION AND MEMORANDUM LAW FOR LEAVE TO EFFECT ALTERNATIVE SERVICE UNDER RULE 4(f)(3) AND EXTENSION OF TIME TO PURSUANT TO RULE 4(m)**

1

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................................... 3

   A.   Defendant Chino-E Has Valid Email Addresses and Plaintiff BNR Has Been Diligent in Efforts to Notify Chino-E of the Litigation ................................................................................ 4

   B.   Defendant Huaqin Has a Valid Email Address and Plaintiff BNR Has Been Diligent in Efforts to Notify Huaqin of the Litigation ................................................................................... 6

III. LEGAL STANDARD........................................................................................................... 7

IV.  ARGUMENT ........................................................................................................................ 9

   A.   Service on Chino-E and Huaqin by Email Is Appropriate Under Rule 4(f)(3)................ 9

   B.   Formal Hague Service Will Cause Significant Delay and Expense............................... 10

   C.   A Brief Extension of Time to Serve Defendants Will Streamline the Litigation .......... 11

V.   CONCLUSION................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Prewitt Enters. v. OPEC,*
   353 F.3d 916 (11th Cir. 2003) .................................................................................................. 7

*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .................................................................................................. 7

*United States CFTC v. Aliaga.*,
   272 F.R.D. 617 (S.D. Fla. 2011) ............................................................................................... 8

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) .................................................................................................................. 8

*Tapestry, Inc. v. 2012coachoutlets.com*,
   No. 17-24561-Civ-Scola, 2018 U.S. Dist. LEXIS 233014 (S.D. Fla. Feb. 6, 2018) .................. 8

*Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*,
   291 F.R.D. 172 (S.D. Ohio 2013) ............................................................................................. 8

*Gamboa v. Ford Motor Co.*,
   414 F. Supp. 3d 1035 (E.D. Mich. 2019) .................................................................................. 8

*Microsoft Corp. v. Goldah.com Network Technology Co., Ltd.*,
   No. 17-2896 LHK, 2017 U.S. Dist. LEXIS 168537 (N.D. Cal. Oct. 11, 2017) ......................... 9

*WeWork Cos. v. WePlus (Shanghai) Tech. Co.*,
   Case No. 5:18-cv-04543-EJD, 2019 U.S. Dist. LEXIS 5047 (N.D.Cal. Jan. 10, 2019) ............ 9

*Lepone-Dempsey v. Carrol County Comm'rs*.
   476 F.3d 1277 (11th Cir. 2007) ................................................................................................. 9

*Horenkamp v. Van Winkle & Co.*
   402 F.3d 1129 (11th Cir. 2005) ................................................................................................. 9

**Statutes**
Fed. R. Civ. P. 4 .............................................................................................................................. 3

## I.     INTRODUCTION

Plaintiff Bell Northern Research, LLC ("BNR") files this Motion and Memorandum of law to effect service by alternative means on Defendants Shenzhen Chino-E Communication Co. Ltd. ("Chino-E") and Huaqin Co. Ltd. ("Huaqin") (collectively, "Defendants") and for an extension of time to carry out that service of those Defendants pursuant to Rule 4(m). After numerous unsuccessful attempts to secure Chino-E's and Huaqin's and participation in this litigation, BNR seeks this Court's permission to serve Chino-E and Huaqin through e-mail. The proposed method of service is permitted by the Federal Rules of Civil Procedure, and it is not prohibited by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") or any other applicable international agreement. Moreover, the proposed service would satisfy due process, as Chino-E and Huaqin publicly operate websites on the Internet and utilize e-mail means as a reliable form of contact.

Plaintiff is requesting an extension of time to serve Defendants outside of the 90-day period provided by Rule 4(m), which is appropriate in this case because Plaintiff has been diligent in apprising the Defendants of the litigation and seeking a waiver of service from them as to the Complaint. Granting the instant motion will avoid unwarranted and unfair delay. With the exception of Chino-E and Huaqin, Plaintiff BNR has been successful in serving the other six litigants in this case, and their respective response deadlines are approaching. If the Court grants Plaintiff's motion, it will enable the Chino-E and Huaqin Defendants to be similarly positioned as the others regarding response dates. Under these circumstances, the resources of the Court would be better served by granting Plaintiff's motion, which will result in a more streamlined litigation process.

The following table briefly summarizes BNR's efforts to date to contact Chino-E and Huaqin to notify them of the pending lawsuit and obtain a waiver of service from them as to the Complaint.  The Waiver of Service packet referenced below includes copies of the Complaint and Exhibits thereto (Dkt. 1), Summons, Form AO 399 (Waiver of the Service of Summons), and Form AO 398 (Notice of a Lawsuit and Request to Waive Service of a Summons).

| | |
|---|---|
| April 14, 2022 | Counsel for BNR sent correspondence including a Waiver of Service packet via FedEx to Shenzhen Chino-E Communication Co. Ltd., 139 Lixiang Road, Songmushan Dalang Town Dongguan, 523770, China (FED EX #5249 4871 2404). (Exhibit A ("Ex. A") at 1.) |
| April 14, 2022 | Counsel for BNR sent correspondence including a Waiver of Service packet via FedEx to Huaqin Co. Ltd at Building 1 & 9 & 11, NO.399 Keyuan Road, Zhangjiang Hi-tech Park, Pudong New District, Shanghai, China (FED EX #5249 4871 2390).  (Exhibit B ("Ex. B") at 4.) |
| April 14, 2022 | Counsel for BNR emailed a copy of correspondence from BNR's counsel to Chino-E, including the Waiver of Service packet, to feng.shi@ontim.cn.  (Ex. A at 10.) |
| April 14, 2022 | Counsel for BNR emailed a copy of correspondence from BNR's counsel to Chino-E, including the Waiver of Service packet, to gms@ontim.cn.  (Ex. A at 13.) |
| April 14, 2022 | Counsel for BNR emailed a copy of correspondence from BNR's counsel to Chino-E, including the Waiver of Service packet, to cncekor@chino-e.com. (Ex. A at 9.) |
| April 14, 2022 | Counsel for BNR emailed a copy of correspondence from BNR's counsel to Huaqin, including the Waiver of Service packet, to huaqin@huaqin.com. (Ex. B at 3.) |
| April 14, 2022 | Counsel for BNR, Adam Woodward, called Huaqin via phone at +86 21 6165 1266 and +86 183 9209 9306, listed at https://en.huaqin.com/Gms.html. |
| April 14, 2022 | Counsel for BNR, Adam Woodward, called Chino-e via phone at +86 0769-88609999, listed at http://www.chino-e.com/copy_contact_105032.html |
| June 15, 2022 | Service is attempted on Huaqin at 8771 Halstead Court, Dallas, TX 75243.  (Ex. B at 12.) |
| July 17, 2022 | Service is attempted again on Huaqin at 8771 Halstead Court, Dallas, TX 75243.  (Ex. B at 10.) |
| June 21, 2020 | Devlin Law Firm, BNR's counsel, mailed a Waiver of Service packet to Chino-E at No. 137, 139, Lixiang Road, Songmushan Village, Dalang Town, Dongguan City, Guangdong Province, China (FED EX #7771 9002 3583).  (Ex. A at 23.) |
| June 21, 2020 | Devlin Law Firm mailed a Waiver of Service packet to Chino-E at No. 503, 505, 5th Floor, Hengjiang Mansion, Intersection of Bulong Road |

| | |
|---|---|
| | and Renmin Road, Longhua New District, Shenzhen, China (FED EX #7771 9014 1563). (Ex. A at 14.) |
| June 21, 2020 | Devlin Law Firm mailed a Waiver of Service packet to Chino-E at 17th Floor, Shuguang Mansion, South 12 Road of Science and Technology, Nanshan District, Shenzhen, China (FED EX #7771 9053 4253). (Ex. A at 29.) |
| June 21, 2020 | Devlin Law Firm mailed a Waiver of Service packet to Chino-E at 16th Floor, Building 3, No. 9 Wangjing Central Plaza South Road, Chaoyang District, Beijing, China (FED EX #7771 8934 2701). (Ex. A at 17.) |
| June 21, 2020 | Devlin Law Firm mailed a Waiver of Service packet to Chino-E at Room 602, 6th Floor, Block B, T3 Software Park, High-tech Village, Nanshan District, Shenzhen, China (FED EX #7771 9047 5710). (Ex. A at 32.) |
| June 21, 2020 | Devlin Law Firm mailed a Waiver of Service packet to Chino-E at Innovation Tower, Kuaian Avenue, Fuzhou Development Zone Science Park, Fujian Province, China (FED EX #7771 9033 2932). (Ex. A at 20.) |
| June 21, 2020 | Devlin Law Firm mailed a Waiver of Service packet to Chino-E at A-1203, SmartValley, 30, Songdomirae-ro, Yeonsu-gu, Incheon, Republic of Korea (21990) (FED EX #7771 8899 4076). (Ex. A at 27.) |
| June 21, 2020 | Devlin Law Firm mailed a waiver of service packet to Chino-E at Building 2, Zhengxiang Business Center, 153 North Wuyi Road, Fuzhou City, Fujian Province, China (FED EX #7771 8952 8416). (Ex. A at 35.) |

## II.    FACTUAL BACKGROUND

On April 6, 2022, BNR filed a Complaint against Defendants HMD America, Inc., HMD Global Oy, Shenzhen Chino-E Communication Co. Ltd. ("Chino-E"), Hon Hai Precision Industry Co., Ltd., Tinno Mobile Corp., Unisoc Technologies Co. Ltd., Wingtech Technology Co., Ltd., and Huaqin Co. Ltd ("Huaqin") for infringement of U.S. Patents Nos. 8,204,554, 7,319,889, RE 48,629, 8,416,862, 7,564,914, 7,957,450, 6,941,156, 6,696,941, 7,039,435, 6,963,129, 6,858,930, 8,396,072, and 8,792,432. (Dkt. 1.) Defendants Chino-E and Huaqin are Chinese companies. (Dkt. 1 at ¶¶ 5, 10.) The Complaint alleges that the Defendants, including Chino-E and Huaqin, make, use, sell import and/or provide or cause to be used mobile phones and tablets that infringe the asserted patents. (*See* Dkt. 1 at ¶ 98.) With the exception of Chino-E and Huaqin, all of the other six Defendants have been served or otherwise waived service.

3

### A. Defendant Chino-E Has Valid Email Addresses and Plaintiff BNR Has Been Diligent in Efforts to Notify Chino-E of the Litigation

According to Chino-E's website, its headquarters are located at No.139 Lixiang Road, Songmushan Dalang Town Dongguan, 523770, China (the "Guangdong" address). (Ex. A at 5.) Chino-E's website also provides three email addresses: feng.shi@ontim.cn, gms@ontim.cn, and cncekor@chino-e.com. (Ex. A at 4, 5.) At the bottom of each page of its website, Chino-E lists eight separate addresses for itself and related businesses but does not identify any U.S. affiliates. (Ex. A at 4.)

On April 14, 2022, the Devlin Law Firm, counsel for BNR, sent a waiver of service packet containing the Complaint, Exhibits, and Forms AO 398 and AO 399 via FedEx to Chino-E at the Guandong address. (Ex. A at 1.) The same day Devlin Law Firm also emailed a copy of the same to feng.shi@ontim.cn, gms@ontim.cn, and cncekor@chino-e.com. (Ex. A at 8-12.) Counsel for BNR, Adam Woodward, also attempted to reach Chino-E by phone at the phone number listed on their website (+86 0769-88609999 listed at http://www.chino-e.com/copy_contact_105032.html) to confirm the physical and email addresses. The call was not answered and no option to leave a voicemail was given. The email address feng.shi@ontim.cn received a bounce-back error message (Ex. A at 10.) The emails sent to gms@ontim.cn and cncekor@chino-e.com did not bounce back and therefore these are considered operational, valid email addresses. On April 19, 2022, FedEx reported that Chino-E refused delivery of the waiver of service packet at the Guandong address. (Ex. A at 3.)

On June 21, 2022, the Devlin Law Firm sent additional Waiver of Service packets to eight other addresses listed on Chino-E's website. (Ex. A at 14-39.) For the first address, No. 137, 139, Lixiang Road, Songmushan Village, Dalang Town, Dongguan City, Guangdong Province, China, FedEx reported delays. (Ex. A at 23.) Delivery was finally attempted on July

4

2, 2022, and July 4, 2022.  (Ex. A at 25.)  FedEx stated that they were unable to deliver the package due to "Operational Delay Incorrect Address."  (Ex. A at 25.)

For the second address, No. 503, 505, 5th Floor, Hengjiang Mansion, Intersection of Bulong Road and Renmin Road, Longhua New District, Shenzhen, China, FedEx also reported delays.  (Ex. A at 14-16.)  Delivery was finally attempted on July 1, 2022.  (Ex. A at 16.)  FedEx stated that they were unable to deliver the package due to "Operational Delay Incorrect Address – Recipient Moved."  (Ex. A at 16.)

For the third address, 17th Floor, Shuguang Mansion, South 12 Road of Science and Technology, Nanshan District, Shenzhen, China, FedEx also reported delays.  (Ex. A at 29-31.)  Delivery was finally attempted on July 1, 2022.  (Ex. A at 31.)  FedEx stated that they were unable to deliver the package due to "Operational Delay Incorrect Address – Apartment/Suite Number."  (Ex. A at 31.)

For the fourth address, 16th Floor, Building 3, No. 9 Wangjing Central Plaza South Road, Chaoyang District, Beijing, China, FedEx also reported delays.  (Ex. A at 17-19.)  Delivery was finally attempted on July 1, 2022.  (Ex. A at 19.)  FedEx stated that they were unable to deliver the package due to "Operational Delay Shipment Refused by Recipient."  (Ex. A at 19.)

For the fifth address, Room 602, 6th Floor, Block B, T3 Software Park, High-tech Village, Nanshan District, Shenzhen, China, FedEx also reported delays.  (Ex. A at 32-34.)  Delivery was finally attempted on July 1, 2022.  (Ex. A at 34.)  FedEx stated that they were unable to deliver the package due to "Operational Delay Incorrect address - Apartment/Suite number."  (Ex. A at 34.)

For the sixth address, Innovation Tower, Kuaian Avenue, Fuzhou Development Zone Science Park, Fujian Province, China, delivery was attempted on June 27, 2022.  (Ex. A at 20-

22.) FedEx stated that they were unable to deliver the package due to "Operational Delay Incorrect Address." (Ex. A at 22.)

For the seventh address, A-1203, SmartValley, 30, Songdomirae-ro, Yeonsu-gu, Incheon, Republic of Korea (21990), FedEx successfully delivered the package and provided a proof of delivery on June 23, 2022 at 3:19 PM. (Ex. A at 27-28, 38.)

For the eighth address, Building 2, Zhengxiang Business Center, 153 North Wuyi Road, Fuzhou City, Fujian Province, China, FedEx successfully delivered the package and provided a proof of delivery on Jul 4, 2022 2:37 PM. (Ex. A at 35-37, 39.)

      **B.**      **Defendant Huaqin Has a Valid Email Address and Plaintiff BNR Has Been Diligent in Efforts to Notify Huaqin of the Litigation**

According to Huaqin's website, (https://en.huaqin.com/Gms.html) its headquarters are located at Building 1 & 9 & 11, NO.399 Keyuan Road, Zhangjiang Hi-tech Park, Pudong New District, Shanghai, China (the "Shanghai" address). (Ex. B at 1.) Huaqin's website also provides an email address: huaqin@huaqin.com. (Ex. B at 2.) On LinkedIn, Bradley Barakat identifies himself as General Manager of Huaqin's North America operations, but no other online sources identifies any U.S. affiliates. (Ex. B at 14-15.)

On April 14, 2022, the Devlin Law Firm sent a waiver of service packet containing the Complaint, Exhibits, and Forms AO 398 and AO 399 via FedEx to Huaqin at the Shanghai address. (Ex. B at 4-9.) The same day, Devlin Law Firm also sent a copy of the waiver of service packet to huaqin@huaqin.com. (Ex. B at 3.) The email sent to huaqin@huaqin.com did not bounce back and is therefore considered an operational and valid email address for Huaqin. FedEx attempted delivery of the package sent to the Shanghai address on June 7, 2022 but reported "Operational Delay Incorrect Address" and returned the package to shipper. (Ex. B at 8.)

6

On April 14, 2020, counsel for BNR, Adam Woodward, attempted to reach Huaqin by phone at the phone numbers listed on their website (https://en.huaqin.com/Gms.html) to confirm the physical and email addresses. The call was not answered and no option to leave a voicemail was given.

Bradley Barakat lists himself as General Manager of Huaqin's North America operations. (Ex. B at 14.) Public land records indicate that Mr. Barakat is the title owner of property in Dallas, Texas located at 8771 Halstead Court, Dallas, TX 75243. (Ex. B at 16-17.)

Service was attempted twice on Mr. Barakat at the Halstead Court address by Donna King of CPS Companies on June 15, 2022 and again on June 17, 2022. (Ex. B at 10-13.) Both times an individual answered the door who refused to identify himself, but did express an interest in the documents and confirmed that Mr. Barakat (his brother) stays at the location. (Ex. B at 10-13.)

## III. LEGAL STANDARD

Rule 4(f) provides means for effectuating service upon an individual defendant located in a foreign country. Fed. R. Civ. P. 4(f)(1)–(3). The foreign defendant may be served using the methods authorized by the Hague Convention. Fed. R. Civ. P. 4(f)(1). The foreign defendant may also be served under Rule 4(f)(3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service on a foreign defendant under Rule 4(f)(3) must be authorized by the court pursuant to its discretionary power. *Prewitt Enters. v. OPEC*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a court's decision on a motion for alternative service is discretionary) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The court's discretionary exercise of Rule 4(f)(3) "is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962-COOKE/BROWN, 2007 U.S. Dist. LEXIS 39495, at *2 (S.D. Fla. May 31, 2007) (citing *Rio Props.*, 284 F.3d at 1015). Indeed, Rule 4(f) does not require a party to attempt service of process by the

7

Hague Convention or "by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3)." *Rio Props.* at 1014-15.

Rule 4(h)(2) provides that a foreign corporation must be served "in any manner prescribed by Rule 4(f)." Fed. R. Civ. P. 4(h)(2). A foreign corporation can be served pursuant to Rule 4(f)(3). *United States CFTC v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). The method of service on a foreign corporation under Rule 4(f)(3) must comport with "constitutional notions of due process." *Rio Props.* at 1016. "[T]he method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Specifically,

> What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections.

*Tapestry, Inc. v. 2012coachoutlets.com*, No. 17-24561-Civ-Scola, 2018 U.S. Dist. LEXIS 233014, at *4 (S.D. Fla. Feb. 6, 2018) (authorizing alternative service under Rule 4(f)(3) on foreign defendants via e-mail and publication) *(citing Philip Morris USA, Inc. v. Veles Ltd.*, 2007 U.S. Dist. LEXIS 19780, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007).

Service by e-mail is not prohibited by the Hague Convention. *See, e.g., Tapestry*, 2018 U.S. Dist. LEXIS 233014, at *3. Moreover, this Court, and numerous district courts, have held that service by e-mail on a foreign defendant is permissible under Rule 4(f)(3) even where the defendant's country, such as China, has declared its opposition to the use of postal channels pursuant to article 10(a) of the Hague Convention. *Id.*; *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 175 (S.D. Ohio 2013) ("Email service has been approved even where, as here, the country objects to Article 10 of the Hague Convention."); *Gamboa v. Ford*

8

*Motor Co.*, 414 F. Supp. 3d 1035, 1042 (E.D. Mich. 2019) ("Email is not listed as a means of service under article 10."); *Microsoft Corp. v. Goldah.com Network Tech. Co.,* No. 17-CV-02896-LHK, 2017 U.S. Dist. LEXIS 168537, at *4 (N.D. Cal. Oct. 11, 2017) ("Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case"); *WeWork Cos. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-cv-04543-EJD, 2019 U.S. Dist. LEXIS 5047, at *8 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority, the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement.'").

Rule 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Eleventh Circuit has held that "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (*citing Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

IV.  ARGUMENT

  A.  **Service on Chino-E and Huaqin by Email Is Appropriate Under Rule 4(f)(3)**

Here, service on foreign Defendants Chino-E and Huaqin by e-mail satisfies due process by apprising them of the pending litigation and providing them the opportunity to answer BNR's claims. Each Defendant publicly operates a website on the Internet and provides electronic means to contact them via e-mail. All of the e-mail addresses that BNR requests to be used for service are still publicly shown on Defendants' websites and Plaintiff's attempts to use these e-mail addresses demonstrates that they are valid email addresses.

Email service on Chinese-based Defendants Chino-E and Huaqin in this case is appropriate under Rule 4(f)(3) as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619-YGR, 2012 U.S. Dist. LEXIS 42160 at *5-6 (finding that email service satisfies due process where defendants were "involved in commercial internet activities" and "rel[ied] on electronic communications to operate their businesses" and the plaintiff had "valid email addresses" for defendants); *The NOCO Co., Inc. v. Shenzhen Lianfa Tong Technology Co., Ltd., et al.*, Case No. 1:19-cv-1855-CAB at *5 (N.D. Ohio Feb. 5, 2020), (finding that "[i]n light of Plaintiff's good faith efforts to serve Defendants via physical (through the Waiver Package), telephonic and electronic means, the Court finds that Plaintiff has exhausted all means consistent with Defendants' right to due process.")  As this Court held in *Tapestry*, e-mail service on foreign defendants based in China is not prohibited by the Hague Convention and is an approved means of service under Rule 4(f)(3).  *Tapestry,* 2018 U.S. Dist. LEXIS 233014, at *4.  Thus, e-mail service is a proper means of service in this case as well.

### B.    Formal Hague Service Will Cause Significant Delay and Expense

Compliance with the Hague Convention-mandated methods of service would result in unwarranted delay of these proceedings and unnecessary expense to BNR.  China requires parties using Hague channels to provide Chinese translations of the documents to be served, which would require significant time and expense.  (*See* Hague Conference on Private International Law website, available at: https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited July 7, 2020).) Once translated, the documents and request for service must be sent to the Central Authority, China's Ministry of Justice, which will effect service either by mail or through a marshal.  (*See*

10

*id.*)  The website of the Ministry of Justice does not provide any estimate as to the amount of time necessary to effect service.  (*See* http://en.moj.gov.cn/ (last visited July 7, 2022).)

In light of the expense involved in the use of Hague Convention procedures for service, and the uncertainty regarding the amount of time necessary to effect service upon Chino-E and Huaqin using Hague Convention procedures, BNR submits that its alternative means of service is reasonable under the circumstances.  As other courts have recognized, "seeking to avoid unnecessary delay and expense is a valid reason to grant alternative service."  *STC.UNM v. TP-Link Technologies Co., Ltd.*, Case No. 6:19-cv-00262-ADA at *4 (W.D. Tex. June 24, 2019). China is a signatory to the Hague Convention and has not expressly objected to service of process by email, website posting, or social media messaging.  *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (O'Sullivan, J.) ("This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention, i.e. an objection to service through "postal channels" does not equate to an express objection to service via electronic mail.").

    **C.**    **A Brief Extension of Time to Serve Defendants Will Streamline the Litigation**

Pursuant to Rule 4(m), this Court must either (1) dismiss Defendants Chino-E and Hauqin from the case without prejudice upon notice to Plaintiff, or (2) permit Plaintiff an extension of time to serve Defendants.  Here, Plaintiff seeks a brief, two-week extension of time to serve the Defendants via e-mail by July 19, 2022 under Rule 4(f)(3) as set forth above.  The latter option in this case will conserve judicial resources and is reasonable under the circumstances because a new case will not need to be filed and it will keep the litigation against these two Defendants streamlined and on schedule with the other six defendants in the above captioned matter.  The former will result in unwarranted delay, as the case against these two

Defendants will then be re-filed, which will potentially open up a new 90-day window for these two Defendants to continue avoiding the pending litigation. All the while, the rest of the litigation will be pressing ahead. Here, as shown above through the continuous efforts of Plaintiff to notify Defendants and obtain their waiver of service, a reasonable basis exists for extending the 90-day period to allow Plaintiff to effect service of the Complaint on these two Defendants by e-mail.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the present motion and authorize service pursuant to Rule 4(f)(3) upon Chino-E by e-mail to cncekor@chino-E.com and gms@ontim.cn and upon Huaqin by e-mail to huaqin@huaqin.com. Plaintiff further respectfully requests that this Court grant an additional 14-day extension of time pursuant to Rule 4(m) to serve Defendants Chino-E and Huaqin by e-mail up to and including July 19, 2022.

CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned certify that he met and conferred with counsel for Defendants regarding the issues raised in this motion via email and phone, and Defendants do not oppose the relief requested herein except for defendants Hon Hai Precision Industry Co., Ltd. and Unisoc Technologies Co., Ltd. that who did not respond to requests. Defendant Tinno conditioned its consent on the inclusion of the following statement: "Tinno states that it does not oppose this motion as it does not relate to Tinno, but further states that Tinno's non-opposition should not be taken as an admission that this type of alternative service against foreign defendants is generally proper." Defendant Wingtech conditioned its consent on the inclusion of the following statement: "Defendant Wingtech states that it does not oppose this motion as it does not relate to Wingtech, but further states that Wingtech's non-opposition

should not be considered an admission that such alternative service against foreign defendants is proper."

Date: July 12, 2022

/s/*Jorge Espinosa*/
Jorge Espinosa, Esq.
Florida Bar No. 779032
jorge.espinosa@gray-robinson.com
Francesca Russo
Florida Bar No.: 174912
francesca.russo@gray-robinson.com
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887

Paul Richter
prichter@devlinlawfirm.com
Christopher Clayton
cclayton@devlinlawfirm.com
Adam Woodward
Florida Bar No. 1029147
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
Email:awoodward@devlinlawfirm.com
Adam J. Woodward
Florida Bar No. 1029147
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
Email: awoodward@devlinlawfirm.com

*Attorneys for Plaintiff Bell Northern Research, LLC*